UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:08-CR-184 CAS |
| STACY MINOR, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This closed criminal matter is before the Court on defendant Stacy Minor's "Memorandum of Law with Attachments and Letters" and "Memorandum of Law Dated March 31, 2015" (Docs. 109 and 110), which the Court will construe as motions for reconsideration of the Court's order denying defendant's motions to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the Court will deny the motions.

**I.   Background**

On October 23, 2008, defendant was sentenced to a term of imprisonment of 120 months. The sentence consisted of 60 months imprisonment on each of the following charges: possession with intent to distribute cocaine base (Count I); possession with intent to distribute in excess of five grams of cocaine base (Count III); and possession of a firearm in furtherance of drug trafficking crimes (Count V). The sentences on Counts I and III were to run concurrently, and the sentence on Count V was to be served consecutively to the other counts. The sentence of 60 months imprisonment on the crack cocaine charge (Count III) represented the statutory mandatory minimum sentence.

On March 1, 2012, the Court appointed counsel to represent defendant with respect to his first motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Appointed counsel for defendant responded to the Court's Order, stating that because defendant was sentenced to the mandatory minimum sentence of 60 months for Count III, defendant was ineligible for any reduction in his sentence. The Court agreed, and denied defendant's motion brought pursuant to 18 U.S.C. § 3582(c)(2) for reduction in term of imprisonment. (Doc. 72).

On February 23, 2015, defendant again filed a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 104). The Court again appointed counsel. On March 9, 2015, counsel moved to withdraw defendant's previously filed motion for sentence reduction under Amendment 782. Counsel stated that because the Court had imposed the statutory minimum 60-month sentence on Count III, Amendment 782 did not lower defendant's sentence. (Doc. 107). On March 9, 2015, the Court granted defendant's motion to withdraw his motion for retroactive application of Amendment 782, and denied the motion as moot. (Doc. 108).

**II.** **Discussion**

On March 27 and April 7, 2015, defendant filed two documents titled "Memorandum of Law with Attachments and Letters" and "Memorandum of Law Dated March 31, 2015," which the court will construe as motions to reconsider the denial of his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). In these motions, defendant argues that the United States Probation Office and the Federal Public Defender Office have miscalculated his eligibility for application of a sentence reduction. He states that because the Fair Sentencing Act increased the amount of crack cocaine that would trigger a mandatory minimum sentence (from 5 grams to 28 grams), he should not have received the mandatory minimum sentence. Because he had a total of only 12.06 grams of crack cocaine in his possession, this amount would not trigger a mandatory minimum in his case.

Therefore, Amendment 782 would apply to him and reduce his sentence under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10.

As relevant to this case, the Fair Sentencing Act amended 21 U.S.C. § 841 to require an amount of crack cocaine greater than 28 grams, rather than the prior standard of 5 grams, for a mandatory minimum imprisonment term of 60 months. Dorsey v. United States, __U.S. __132 S. Ct. 2321, 2326 (2012). "The Fair Sentencing Act's more lenient penalty provisions apply to offenders who committed a crack-cocaine crime before the Fair Sentencing Act came into effect, but were sentenced after." United States v. Goodrich, 754 F.3d 569, 571-72 (8th Cir. 2014) (citing Dorsey, 132 S. Ct. at 2326). As defendant himself recognizes, the Fair Sentencing Act applies to a case if the sentencing proceeding takes place on or after the statute's effective date of August 3, 2010. See Doc. 110 at 2-3.

Defendant's offenses involving crack cocaine occurred on September 12, 2006 (Count I) and October 19, 2007 (Count III). He was sentenced on October 23, 2008. Both his criminal offenses and his sentencing occurred before the Fair Sentencing Act took effect on August 3, 2010. Because defendant's criminal offense and sentencing occurred prior to the effective date of the Fair Sentencing Act, the Act does not apply to his case. Dorsey, 132 S. Ct. at 2335 ("[W]e conclude that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders.").

Defendant was subject to the mandatory minimum sentence of 60 months for possession of 12.06 grams of crack cocaine. Defendant was sentenced to the statutory mandatory minimum sentence of 60 months on the crack cocaine charge, and therefore he is not eligible for a reduction in his sentence. See United States v. Torres-Perez, 2015 WL 331962, at *2 (N.D. Iowa Jan. 26,

2015) (concluding that because defendant was subject to statutory mandatory minimum sentence, defendant could not rely on Amendment 782 to reduce his sentence).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's "Memorandum of Law with Attachments and Letters" and "Memorandum of Law Dated March 31, 2015," construed as motions for reconsideration of the Court's orders denying defendant's motions to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) are **DENIED**. [Docs. 109 and 110]

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   13th   day of April, 2015.